UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL JAMES SILVA,

    Plaintiff,

v.                                                      Case No. 4:19-cv-286-RH/MJF

TAYLOR ALISON SWIFT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this court upon Defendant Taylor Alison Swift's motion to dismiss Plaintiff Daniel James Silva's third amended complaint. (Doc. 74). Silva has responded in opposition. (Doc. 80). For the reasons set forth below, the undersigned recommends that the motion be granted and this action be dismissed.[1]

**I.    Background**

In his third amended complaint, Plaintiff Daniel James Silva alleges that Defendant Taylor Alison Swift and her attorney, James Douglas Baldridge, violated Silva's Fifth, Fourteenth, and Seventh Amendment rights during the proceedings of this case as well as in the case of *Silva v. TAS Rights Mgmt., LLC*, No. 3:18-cv-688-

---

[1] The case was referred to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

MMH/JRK (M.D. Fla. May 25, 2018) ("*Silva III*").[2] Specifically, in Count One, Silva's third amended complaint alleges:

> On 9/7/2018 Doug Baldridge filed for a motion to dismiss in case (3:18-cv-00688-MMH-JRK Silva v. TAS Rights Management), LLC (dkt 39) that motion was an attempt to violate my 5th and 14th amendment right of due process and my 7th amendment right to a <u>jury trial</u> in an amount in controversy above 20 dollars or 75,000 usd of today's money. My constitutional amendment rights were violated by swift, tas rights management and Baldridge so that trademarks (1989 sn: 86363039) and (1989 sn: 863691161) were not declared fraudulent which they are . . . .

(Doc. 72 at 10).[3]

Similarly, in Count Two, Silva's third amended complaint alleges:

> On 7-31-2019 and 1-8-2020 in lawsuit 4:19-cv-286-RH-MJF SILVA v. SWIFT et al) Doug Baldridge filed for a motion to dismiss the one on 7-31-2019 for tas rights management and the one file one 1-8-2020 was a motion to dismiss for <u>Taylor Alison Swift herself</u> again those motions was an attempt to violate my 5th and 14th amendment right of due process and my 7th amendment right to a jury trial in an amount in controversy above 20 dollars or 75,000 usd of today's money. My constitutional amendment rights were violated by swift, tas rights management, and Baldridge so that trademarks (1989 sn: 86363039) and (1989 sn: 863691161) were not declared fraudulent which they are . . . .

---

[2] Although Silva initially listed Baldridge as a Defendant in this action, he subsequently elected not to pursue a claim against Baldridge. (Docs. 76 & 105). Thus, Swift is the only Defendant.

[3] Silva's submissions to this and other courts frequently contain spelling, grammatical, and typographical errors. All such errors in quotations attributed to Silva in this report and recommendation are in the original documents unless otherwise noted.

(*Id.* at 11) (emphasis in original).

In Count Three, Silva alleges that Swift violated the Racketeer Influenced and Corrupt Organization Act ("RICO") by paying Baldridge to obstruct trademarks. Specifically, Silva alleges:

> Taylor swift has paid Doug Baldridge millions of dollars in retainers over 3 years and 6 lawsuits to obstruct both 1989 trademarks (1989 sn: 86363039) and (1989 sn: 86369161) committing a RICO violation, a person who has committed "at least two acts of racketing activity" drawn from a list of 35 crimes—27 federal crimes and 8 state crimes—within a 10-year period can be charged with racketeering if such acts are related in one of four specified ways to an "enterprise". Those found guilty of racketeering can be fined up to $25,000 and sentenced to 20 years in prison per racketeering count. In addition, the racketeer must forfeit all ill-gotten gains and interest in any business gained through a pattern of racketeering activity." RICO also permits a private individual "damaged in his business or property" by a "racketeer" to file civil suit.

(*Id.* at 12).

In Count Four, pursuant to 42 U.S.C. § 1985(2) and (3), Silva alleges that Swift and Baldridge conspired to violate his Fifth and Fourteenth Amendment right to due process, and his Seventh Amendment right to a jury trial, insofar as they filed the motions to dismiss mentioned in Count One and Count Two above. Specifically, Silva's third amended complaint states:

> Taylor swift and Doug Baldridge violated my following constitutional and amendment rights, my 5th and 14th amendment rights to due process and my 7th amendment right to a jury trial with a <u>motion to dismiss</u> in case (3:18-cv-00688-MMH-JRK Silva v. TAS Rights Management), LLC (dkt 39) and motions to dismiss on 7-31-2019 and 1-8-2020 in lawsuit (4:19-cv-00286-RH-MJF SILVA v. SWIFT et al) so that trademarks (1989 sn: 86363039) and (1989 sn: 86369161) were not

>declared fraudulent. <u>federal law 42 U.S. Code§ 1985. Conspiracy to interfere with civil rights (2) and (3) provide me with the following, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.</u>
>
>Taylor swift and Doug Baldridge conspired against my 5th 7th and 14th amendments rights (42 U.S. Code § 1985. Conspiracy to interfere with civil rights (2)(3) granting me a right to bring suit, <u>the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.</u>

(*Id.* at 13-14) (emphasis in original). Swift has moved to dismiss this action for failure to state a claim upon which relief can be granted. (Doc. 74).

**II.   Standard**

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. In applying that rule, the court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility that the defendant acted unlawfully is

insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Courts hold a *pro se* complaint to "less stringent standards" than formal pleadings drafted by lawyers. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

## III. Discussion

### A. Counts One and Two: Alleged Violations of the Fifth, Seventh, and Fourteenth Amendments

In Counts One and Two of his third amended complaint, Silva alleges that Swift violated his Fifth and Fourteenth Amendment rights to due process, and his Seventh Amendment right to a jury trial, by moving to dismiss this action and a civil action that Silva previously had filed in the Middle District of Florida.

"With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991). "This fundamental limitation on the scope of constitutional guarantees 'preserves an area of individual freedom by limiting the reach of federal law' . . . ." *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982)).

In light of this fundamental limitation on governmental power, a "threshold requirement of any constitutional claim is the presence of state action." *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182, 1200 (9th Cir. 1998), *overruled on other grounds by E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742 (9th Cir. 2003). Thus, the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution cannot be violated by private individuals who were not acting under color of state law or in concert with state actors. *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) (The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful."); *Farese v. Scherer*, 342 F.3d 1223, 1233 n.13 (11th Cir. 2003) (affirming a district court's dismissal of Plaintiff's First, Fifth, and Fourteenth Amendment claims because those amendments "do not apply to private parties unless those parties are engaged in an activity deemed to be 'state action'") (internal citations omitted); *Nat'l Broad. Co., Inc. v. Commc'n Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988) ("The Fourteenth Amendment, and, through it, the First and Fifth Amendments, do not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'"); *Bridgewater v. Bankson*, No. C 09-3639, 2010 WL 291786, at *4 (N.D. Cal. Jan. 19, 2010) (holding that claims premised on the Seventh Amendment fail where "there are no government actors or agents").

"To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *West v. Atkins*, 487 U.S. 43, 49 (1988) (quoting *Lugar*, 457 U.S. at 936 n.18). Courts employ three tests to evaluate whether conduct constitutes state action: (1) the public function test—which "has been limited strictly, and covers only private actors performing functions 'traditionally the exclusive prerogative of the State'"; (2) the state compulsion test—"which limits state action to instances in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution"; and (3) the nexus/joint action test—which asks "whether 'the State had so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise.'" *Nat'l Broad. Co., Inc.*, 860 F.2d at 1026-27 (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353, 357-58 (1974); *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 546 (1987)); *see Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982); *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Here, Silva has failed to allege any facts indicating that Swift is or was a state actor. Silva, for example, has not alleged that Swift performed a traditional state function, that the government coerced or encouraged relevant actions by Swift, or

that Swift was acting in concert with state actors or a government entity. Being named as a defendant in a federal lawsuit does not make that defendant a state actor. Private individuals who file a motion to dismiss do not become state actors merely by seeking relief from a court.[4] A private party's act of filing a motion to dismiss a lawsuit also does not constitute state action. *See Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) (holding that "mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state"); *Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) (holding that "one who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process"); *Shipley v. First Fed. Sav. & Loan Ass'n of Del.*, 703 F. Supp. 1122, 1129 (D. Del. 1988) (holding that a litigant's filing of a civil action and utilization of a court's procedural rules does not constitute state action).

"[M]erely resorting to the courts and being on the winning side of a lawsuit" also does not make a party a participant in state action. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Private conduct, even if it is wrongful, does not qualify as state action.

---

[4] It is also worth noting that a "plaintiff's right to a jury trial is not violated merely because his case is dismissed before trial." *Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 885 (11th Cir. 2016); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 328 (2007); *Walker v. New Mexico & S. Pac. R.R. Co.*, 165 U.S. 593, 596 (1897); *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 n.15 (7th Cir. 2009).

*Blum*, 457 U.S. at 1002; *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009). To constitute state action, the conduct allegedly causing the deprivation of a federal right must be fairly attributable to a government entity. *Lugar*, 457 U.S. at 937. Because Silva has not alleged facts indicating that Swift was a state actor, was acting in concert with a state actor, was acting under color of law, or her actions were fairly chargeable to the state, in Count One and Count Two, he has failed to state a claim upon which relief can be granted.

    **B.**    **Count Three: Civil RICO Claim (18 U.S.C. § 1964(c))**

In Count Three, Silva alleges that Swift violated RICO by paying her attorney, Baldridge, to represent her in six lawsuits and to "obstruct" two trademarks. (Doc. 72 at 12).

"Congress enacted RICO in 1970, prohibiting racketeering activity connected to interstate commerce." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016) (citing *Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1224 (11th Cir. 2014)). "In addition to creating criminal penalties for racketeering activities, the statute also created a private, civil cause of action." *Id.* Section 1964(c) states "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c).

To state a civil RICO claim, a plaintiff must allege that a defendant (1) operated, managed, or conducted the affairs of; (2) an enterprise; (3) through a pattern; (4) of racketeering activity; (5) which caused injury to plaintiff's business or property. *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158 (11th Cir. 2019); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

Silva fails to state a civil RICO claim in at least two respects.

First, Silva has not alleged a pattern of racketeering activity. RICO defines "racketeering activity" to encompass "dozens of state and federal offenses, known in RICO parlance as predicates." *RJR Nabisco Inc. v. European Cmty.*, 579 U.S. ___, 136 S. Ct. 2090, 2096 (2016). "A pattern of racketeering activity under RICO requires" a plaintiff to allege "at least two qualifying predicate acts, each of which must constitute a violation of one of the state or federal laws described in 18 U.S.C. § 1961(1)." *Crawford's Auto Ctr., Inc.*, 945 F.3d at 1158; *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290-91 (11th Cir. 2010); *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1225 (11th Cir. 2002); *see H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237-38 (1989). "To plead a pattern of racketeering activity, 'a plaintiff must demonstrate a relationship between the predicate acts as well as a threat of continuing activity'—a standard known as the 'continuity plus relationship' test."

*Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 337 (7th Cir. 2019) (quoting *DeGuelle v. Camilli*, 664 F.3d 192, 199 (7th Cir. 2011)); *see H.J. Inc.*, 492 U.S. at 242 ("A RICO pattern may surely be established if the related predicates themselves involve a distinct threat of long-term racketeering activity, either implicit or explicit.").

Here, Silva has not specified even a single predicate act that Swift or the alleged enterprise purportedly committed. Concomitantly, he has not alleged the requisite two predicate acts, much less predicate acts which indicate a threat of continuing activity. He has failed, therefore, to allege a pattern of racketeering activity.

Second, Silva failed to allege that he suffered an injury as a result of Swift's purported racketeering activity. The "RICO statute provides a cause of action for '[a]ny person injured in his business or property *by reason of* a violation of section 1962.'" *Ray*, 836 F.3d at 1349 (quoting 18 U.S.C. § 1964(c)) (emphasis added). "The Supreme Court has been clear that a party is only entitled to recover under RICO 'to the extent that[] he has been injured in his business or property by the conduct constituting the violation.'" *Id.* (quoting *Sedima*, 473 U.S. at 496). Stating a civil RICO claim, therefore, requires a plaintiff to plead facts sufficient to give rise to a reasonable inference that the claimed activity was the but-for and proximate cause of the plaintiff's injuries. *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992). Plaintiff's allegations do not state how Swift paying her attorney to represent her in

several lawsuits filed by Silva caused him injury. Indeed, Silva's third amended complaint does not identify the injury that Silva purportedly suffered. *See Torres v. Vitale*, 954 F.3d 866, 876 (6th Cir. 2020) (noting that the district court properly dismissed a RICO claim in which the plaintiff failed to allege injury to his business or property). Silva's complaint is devoid of any factual content that allows a court to draw an inference that Swift is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

For these reasons, in Count Three, Silva failed to state a claim upon which relief can be granted.

### C. Count Four:  Claims Pursuant to 42 U.S.C. § 1985

In Count Four, Silva attempted to state a claim for conspiracy to violate his civil rights under 42 U.S.C. § 1985(2) and (3). "Section 1985 provides a vehicle to redress conspiracies to interfere with civil rights." *Farese*, 342 F.3d at 1230 (citing *Childree v. UAP/GA AG CHEM, Inc.*, 92 F.3d 1140, 1146-47 (11th Cir. 1996)). The civil rights Silva claims that Swift conspired to violate are his Fifth and Fourteenth Amendment rights to due process and his Seventh Amendment right to a jury trial. As discussed above, Silva failed to allege sufficient state action on the part of Swift. He also has failed to state a claim as to section 1985(2) and (3).

### 1.   *Failure to State a Claim Under Section 1985(2)*

"There are four distinct clauses in section 1985(2), each creating a distinct cause of action." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994). Silva does not specify under which of the four clauses he seeks to proceed, but it appears that he is alleging that Swift's motions to dismiss deterred him from attending and testifying in a court of the United States. (Doc. 72 at 13-14). Thus, it appears that Silva was attempting to state a claim under the following "deterrence" portion of section 1985(2):

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party . . . in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party . . . in his person or property on account of his having so attended or testified, . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2). To state a claim under this provision, Silva was required to allege: (1) a conspiracy; (2) to deter a party by force, intimidation, or threat from attending or testifying in a court of the United States; and (3) which caused the plaintiff to suffer injury. *Hogan v. Winder*, 762 F.3d 1096, 1113 (10th Cir. 2014); *Carpenter v. Mohawk Indus., Inc.*, 479 F. App'x 206, 209 (11th Cir. 2012); *Moore v. Potter*, 141 F. App'x 803, 806 (11th Cir. 2005); *Rutledge v. Arizona Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988); *Chahal v. Paine Webber, Inc.*, 725 F.2d 20, 23 (2d Cir. 1984).

### (a) Failure to Allege a Conspiracy with an Attorney

Here, Silva alleged only that Swift retained an attorney and that her attorney filed motions to dismiss in federal civil actions. But the United States Constitution affords citizens the right to seek relief from the courts, including dismissal of cases that lack merit. *See generally Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."); *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("The right of access to the courts is . . . one aspect of the right of petition."); *Bank of Jackson Cty. v. Cherry*, 980 F.2d 1362, 1370 (11th Cir. 1993) ("The First Amendment right to petition the government for a redress of grievances includes a right of access to the courts."). Furthermore, various courts have stated that the Due Process Clause of the Fifth Amendment to the United States Constitution affords civil litigants the right to retain legal counsel to assist them in litigation. *Tex. Catastrophe Prop. Ins. Ass'n v. Morales*, 975 F.2d 1178, 1181 (5th Cir. 1992) (observing that "there is a constitutional right to retained counsel in civil cases"); *Kentucky W. Va. Gas Co. v. Pa. Pub. Util. Comm'n*, 837 F.2d 600, 618 (3d Cir. 1988) (noting that "the due process clause of the fifth amendment does provide some protection for the decision to select a particular attorney"); *Mosley v. St. Louis S.W. Ry.*, 634 F.2d 942, 945 (5th Cir. 1981) ("The right to the advice and assistance of retained counsel in civil litigation is implicit in

the concept of due process . . . ."). If a civil litigant has a Constitutional right to seek redress in the courts and to retain counsel to provide assistance, that same act of seeking redress and retention of counsel cannot be a violation of the same Constitution, as Silva alleges in his third amended complaint.

Furthermore, because litigants have a right to retain the services of legal counsel, and such legal counsel necessarily act as agents for their clients, "as long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a § 1985 conspiracy." *Farese*, 342 F.3d at 1231. Thus, to allege a conspiracy between a client and her attorney, a plaintiff must allege facts indicating that the attorney's conduct fell outside the scope of his representation of his client. *Farese*, 342 F.3d at 1231; *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999); *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111 (7th Cir. 1990); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 339-40 (6th Cir. 1984); *see also Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 840-41 (6th Cir. 1994) (holding that the hospital did not conspire with its employees in violation of 42 U.S.C. § 1985 when its employees merely acted within the scope of their employment).

Once counsel has been retained to assist a litigant in seeking redress, the act of filing motions—including motions to dismiss—is within the purview of an attorney's legitimate function of litigating in a federal court. *See* Fed. R. Civ. P.

(7)(b)(1) ("A request for a court order must be made by motion."). Federal law specifically authorizes attorneys to file motions, including motions to dismiss. *See* Fed. R. Civ. P. 12(b). Attorneys have an obligation to zealously represent their clients and a "duty to bring to bear such skill and knowledge as will render" litigation "a reliable adversarial testing process." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Filing motions to dismiss is among an attorney's duties and falls within the scope of his representation of a civil litigant. Silva has not alleged, therefore, that Swift's attorney engaged in conduct that fell outside the scope of his representation of Swift. Accordingly, Silva has failed to allege a proper conspiracy involving Swift and her attorney sufficient to state a claim under section 1985(2).

### (b) Failure to Allege Force, Intimidation, or Threats

"The gist of the wrong at which § 1985(2) is directed is . . . intimidation or retaliation against" parties or "witnesses in federal-court proceedings." *See Haddle v. Garrison*, 525 U.S. 121, 125 (1998). Accordingly, a "claim fails when the complaint does not allege either that the defendant's actions in some way were designed to intimidate or deter the plaintiff from appearing in a judicial proceeding . . . or to injure a person for appearing in court." *Hogan*, 762 F.3d at 1114; *see Morast v. Lance*, 807 F.2d 926, 930 (11th Cir. 1987) (noting that a plaintiff fails to state a claim when he does not allege deterrence "by force, intimidation, or threat"); *Dooley v. Reiss*, 736 F.2d 1392, 1395-96 (9th Cir. 1984).

Here, Silva also failed to allege that Swift or her attorney employed force, intimidation, or threats in an effort to prevent Silva from attending or testifying in a court. As noted above, federal law authorizes parties to file motions to dismiss so long as they have some arguable merit. *See* Fed. R. Civ. P. 12(b). Without more, the mere filing of motions to dismiss does not constitute force, intimidation, or threats of the type that would violate a person's civil rights. Silva's omission of this element also is fatal to his claim under section 1985(2).

### 2. *Failure to State a Claim Under Section 1985(3)*

Section 1985(3) states in relevant part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

In order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive any person or class of persons the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or

the deprivation of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters and Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627 (11th Cir. 1992).

### (a) Failure to Allege a Conspiracy with an Attorney

As noted above, a plaintiff seeking to allege a conspiracy under section 1985 "must plausibly allege facts indicating an agreement among the conspirators to deprive the plaintiff" of his civil rights. *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019). When the alleged conspiracy involves a client and her attorney, the allegations must include conduct that exceeds the scope of representation of a client under the law. *Farese*, 342 F.3d at 1232. Silva alleged only that Swift's attorney filed motions to dismiss, acts which clearly are within the purview of an attorney's legitimate representation of his client. "A complaint containing only vague and conclusory allegations of a conspiracy fails to state a plausible claim under section 1985(3)." *Parker*, 935 F.3d at 18. Accordingly, Silva has failed to allege a proper conspiracy involving Swift and her attorney under section 1985(3), and he thereby failed to state a claim upon which relief can be granted.

### (b) <u>Failure to Allege Racial or Discriminatory Animus</u>

To state a claim under section 1985(3), a plaintiff must allege that the defendant was motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws. *United Bhd. of Carpenters and Joiners of Am., Local 610*, 463 U.S. at 828-29; *Griffin*, 403 U.S. at 102-03; *Lucero*, 954 F.2d at 627. In other words, a plaintiff must allege that there existed "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *Childree*, 92 F.3d at 1146-47. Here, Silva's third amended complaint does not include any facts that come close to alleging this element. (Doc. 72 at 13). Accordingly, for this reason too, Silva has failed to state a claim under section 1985(3).[5]

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

---

[5] Silva's third amended complaint includes numerous accusations of criminal conduct. (Doc. 72 at 11, 12, 15, 16, 17, 18). Silva does not attempt to state a claim for a violation of a federal criminal statute in a separate "count" of his third amended complaint, however. Regardless, federal causes of action must be created by Congress, and only rarely does Congress create such causes of action in federal criminal statutes. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). Congress did not create a private cause of action in any of the federal criminal statutes mentioned by Silva. *See Harlow v. Fitzgerald*, 457 U.S. 800, 805 n.10 (1982); *Cok v. Cosentino*, 876 F.2d 1, 1 (1st Cir. 1989) (per curiam).

1. Defendant's motion to dismiss, (Doc. 74), be **GRANTED.**

2. This action be **DISMISSED**.

3. The clerk of the court close this case file and terminate any pending motions.

At Panama City, Florida, this <u>1st</u> day of June, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.