IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL JAMES SILVA,

    Plaintiff,

v.                        CASE NO. 4:19cv286-RH-MJF

TAYLOR ALISON SWIFT,

    Defendant.

_____/

**ORDER FOR ENTRY OF JUDGMENT AND
INJUNCTION AGAINST FURTHER LAWSUITS**

    The plaintiff asserted trademark claims in multiple actions in the Middle District of Florida, lost, and later filed this lawsuit in the Northern District of Florida. The plaintiff named as defendants his original adversaries and their lawyer. The plaintiff asserts he was denied due process and suffered other constitutional and statutory deprivations in the Middle District; the plaintiff also apparently asserts again the same trademark claims he lost in the Middle District. Earlier orders and amended filings narrowed the claims to a single remaining defendant, but judgments have not been entered under Federal Rule of Civil Procedure 54(b) on the claims against the other defendants.

Case No. 4:19cv286-RH-MJF

The case is before the court on the magistrate judge's two reports and recommendations, ECF Nos. 108 and 109, and the objections and responses, ECF Nos. 110, 111, 112, 113, 114, and 115. I have reviewed de novo the issues raised by the objections.

One report and recommendation concludes the action should be dismissed. The plaintiff objects, but the report and recommendation is correct.

The short explanation is this: a party is entitled to litigate a proper claim to a ruling on the merits once, in a single lawsuit. If dissatisfied with the trial court's handling of the lawsuit, the party may appeal. If there are proper grounds to set aside a judgment—for example, fraud, misconduct by an opposing party, or sufficient newly discovered evidence—a motion for relief from the judgment may be filed in the single lawsuit. *See* Fed. R. Civ. P. 60(b). But when the case is over, it is over. The party who loses is not entitled to bring a new lawsuit complaining of the first court's handling of the first lawsuit. That is what the plaintiff is improperly attempting to do here.

The other report and recommendation concludes restrictions should be placed on the plaintiff's filing of further lawsuits against the defendants in the Northern District of Florida. A district court has authority to do this. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277 (11th Cir. 2002) (affirming an injunction prohibiting an individual from filing any lawsuit without first obtaining leave from

Case No. 4:19cv286-RH-MJF

the district court). The defendant objects that the magistrate judge's recommended restrictions do not go far enough—that restrictions should be placed on the plaintiff's filing of lawsuits against the defendants anywhere and that the plaintiff should be enjoined to stay away from the defendants.

As the report and recommendation documents, the plaintiff has repeatedly abused the litigation process and is likely to continue to do so unless enjoined. This order enters an injunction not limited to the Northern District of Florida. The injunction allows the plaintiff to bring a lawsuit if the complaint is signed by an attorney. The plaintiff should take note: he may challenge the injunction on appeal or seek relief in this court under Rule 60(b)(5) if conditions make applying the injunction no longer equitable. But willfully violating the injunction will constitute contempt of court and may subject the plaintiff to criminal sanctions, including imprisonment. A party cannot ignore a federal injunction with impunity.

This order does not enjoin the plaintiff to stay away from the defendants. Such an injunction might well be in order. But the preferred means of obtaining such an injunction is through a separate civil action, especially when, as here, the litigation is at its end and the conduct at issue would almost surely occur in a different district.

For these reasons and those set out in the reports and recommendations,

IT IS ORDERED:

1. The merits report and recommendation, ECF No. 109, is accepted and adopted as the court's opinion.

2. The sanctions report and recommendation, ECF No. 108, is accepted in part and adopted as the court's opinion to the extent consistent with this order.

3. The plaintiff Daniel James Silva must not file any lawsuit, petition, motion, or other claim against the defendants Taylor Alison Swift, TAS Rights Management LLC, or James Douglas Baldridge, in any court, unless the complaint initiating the lawsuit, petition, motion, or other claim is signed by an attorney. This injunction does not preclude Mr. Silva from filing an appeal in this Case No. 4:19cv286 and does not preclude Mr. Silva from filing a motion in this Case No. 4:19cv286 for relief from this injunction.

4. The clerk must enter judgment stating:

> This case was resolved on a motion to dismiss. The claims of the plaintiff Daniel James Silva against the defendants Taylor Alison Swift, TAS Rights Management LLC, and James Douglas Baldridge are dismissed with prejudice. An injunction is granted as follows: The plaintiff Daniel James Silva must not file any lawsuit, petition, motion, or other claim against the defendants Taylor Alison Swift, TAS Rights Management LLC, or James Douglas Baldridge, in any court, unless the complaint initiating the lawsuit, petition, motion, or other claim is signed by an attorney. This injunction does not preclude Mr. Silva from filing an appeal in this Case No. 4:19cv286 and does not preclude Mr. Silva from filing a motion in this Case No. 4:19cv286 for relief from this injunction..

5. Mr. Silva's motions to stay, ECF No. 93, and to recuse the magistrate judge, ECF No. 97, are denied.

6. The defendant's motion for a protective order, ECF No. 100, is denied without prejudice.

7. The clerk must close the file.

SO ORDERED on June 18, 2020.

s/Robert L. Hinkle<br>United States District Judge